**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 0 3 2023

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SHARON JACKSON, on behalf of herself )
and all other similarly situated, )
 )
 Plaintiff, )
 )
vs. )  Case No: _3:23-cv-00152 DPm_
 )
ARKANSAS CONTINUED CARE )
HOSPITAL OF JONESBORO, LLC; )
ARKANSAS CONTINUED CARE )
HOSPITAL OF HOT SPRINGS, LLC; )
ARKANSAS CONTINUED CARE, LLC; )
G&A PARTNERS; G&A OUTSOURCING, )
LLC; and MICHAEL COOPER, )
 )  This case assigned to District Judge _MARSHALL_
 Defendants. )  and to Magistrate Judge _KEARNEY_

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants, G & A Partners and G & A Outsourcing,

LLC ("Defendants"), by and through undersigned counsel, hereby submit this Notice of

Removal pursuant to 28 U.S.C. § 1446 and remove this action from the Circuit Court for

Mississippi County, Arkansas to the United States District Court for the Eastern District of

Arkansas, Northern Division. The grounds for removal are as follows:

## PROCEEDINGS IN STATE COURT AND TIMELINESS OF REMOVAL

1. Plaintiff Sharon Jackson ("Plaintiff") filed a new civil action[1] in the Circuit

Court for Mississippi County, Arkansas on May 15, 2023, *Sharon Jackson, on behalf of*

*herself and all other similarly situated v. Arkansas Continued Care Hospital of Jonesboro,*

---

[1] Plaintiff filed a previous lawsuit on August 30, 2022, and an amended complaint on April 24,
2023, which named Arkansas Continued Care Hospital and Michael Cooper, Case No. 47BCV-
22-265 Circuit Court for Mississippi County, Arkansas.

*LLC; Arkansas Continued Care Hospital of Hot Springs, LLC; Arkansas Continued Care, LLC; G&A Partners; G&A Outsourcing, LLC; and Michael Cooper*, No. 47BCV-23-150 (SM) ("State Lawsuit"). See Class Action Complaint ("Complaint"), attached as Exhibit 1.

2.     On June 12, 2023, Plaintiff served Defendants with the summons and Complaint in the State Lawsuit. See Summons, attached as Exhibit 2.

3.     This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading on Defendants setting forth the claims for relief upon which the state court action is based.  See 28 U.S.C. § 1446(b)(1).

## JURISDICTION

4.     This matter is a civil action over which this District Court has original jurisdiction under 28 U.S.C. §§ 1331, since Plaintiff asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a) in that it is a civil action arising under the laws of the United States.  Plaintiff also asserts state-law claims under the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §11-4-201 *et seq,* and this Court has supplemental jurisdiction over all of Plaintiff's state-law claims pursuant to 28 U.S.C. §1367, since they are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Eastern District of Arkansas, Northern Division is the appropriate court to which to remove this action from the Circuit Court for Mississippi County, Arkansas, where the action was filed.

6.      As required by 28 U.S.C. § 1446(d), Defendants will give written notice of this removal to all adverse parties, and a copy of this Notice of Removal will be filed with the Circuit Court for Mississippi County, Arkansas.

7.      All other Defendants consent to the removal of this lawsuit.

8.      Defendants have attached a copy of all "process, pleadings, and orders served upon Defendant in the state court action" in accordance with 28 U.S.C. §1446(a) as Exhibit 3.

WHEREFORE, Defendants, G & A Partners and G & A Outsourcing, LLC, respectfully request that this action be removed to this Court and that it be placed on the docket of this Court for all further proceedings.

This the 30th day of June 2023.

Respectfully Submitted,

FISHER & PHILLIPS LLP

*/s/ Jeff Weintraub*
Jeff Weintraub (AR Bar No. 2010006)
J. Gregory Grisham (Admitted to ED of AR)
1715 Aaron Brenner Drive, Suite 312
Renaissance Center
Memphis, Tennessee 38120
Phone: (901) 526-0431
Fax: (901) 526-8183
jweintraub@fisherphillips.com

*Counsel for Defendants G & A Partners; and G & A Outsourcing, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on June 30, 2023, a copy of the foregoing was served via electronic mail upon the following:

Luther Oneal Sutter (ARBN 95031)
Lucien R. Gillham (ARBN 99199)
Sutter & Gillham, PLLC
1501 N. Pierce Street, Suite 105
Little Rock, AR 72207
Luthersutter.law@gmail.com
Lucien.gillham@gmail.com

Danielle Whitehouse Owens
Gill Ragon Owen, P.A.
425 West Capitol Ave., Ste. 3800
Little Rock, AR 72201
dowens@gill-law.com

*/s/ Jeff Weintraub* _____
Jeff Weintraub

**FILED**

**IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS**
**CHICKASAWBA DIVISION**

MAY 15 2023
11:00 ͭm
LESLIE MASON
CIRCUIT CLERK

**SHARON JACKSON, on behalf of herself**
**and all other similarly situated**                                      **PLAINTIFF**

**VS.**                          CASE NO. 47BCV-23-150 (Sm)

**ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;**
**ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;**
**ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A**
**OUTSOURCING, LLC; and, MICHAEL COOPER**          **DEFENDANTS**

## CLASS ACTION **COMPLAINT**

COMES THE PLAINTIFF, **SHARON JACKSON**, by and through Counsel, **SUTTER &**

**GILLHAM, P.L.L.C.**; and, for her Complaint, she states:

## PARTIES AND JURISDICTIONS

1.      Plaintiff is a resident and citizen of Blytheville, Arkansas, who worked for the

Defendants in Jonesboro, Arkansas. Defendants, Arkansas Continued Care Hospital of Jonesboro,

LLC, and its Professional Employer Organization; Arkansas Continued Care Hospital of Hot

Springs, LLC, and its Professional Employer Organization; Arkansas Continued Care, LLC, and

its Professional Employer Organization; and, G&A Outsourcing, LLC, (G&A Partners) employed

the Plaintiff. The corporate Defendants are entities authorized to do business in the State of

Arkansas. This is an action for breach of contract and for violation of the FLSA and Arkansas

Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, *et seq.* Since he had the power to

fire, hire, and set the conditions of Plaintiff's employment, Defendant, Michael Cooper, is sued in

his individual capacity, as allowed under the AMWA. Accordingly, since the acts giving rise to

this action arose in this county, venue is proper. This Court has personal jurisdiction, as well as

subject matter jurisdiction. This case is related to 47BCV-22-265 and is filed because the Defendant has raised service issues.

## **GENERAL ALLEGATIONS OF FACTS**

2.      Plaintiff was employed by Cooper, Arkansas Continued Care Hospital Arkansas Continued Care Hospital of Jonesboro, LLC, and its Professional Employer Organization, G&A Partners in 2022 as a non-exempt worker, through Defendant, G&A Outsourcing, LLC (G&A Partners). Plaintiff worked more than forty (40) hours per week but was not paid overtime. Defendants all played a part in Plaintiff's employment in one fashion or another, to the best of her information, knowledge and belief.

3.      Also, Defendants worked Plaintiff off the clock resulting in Plaintiff no receiving overtime and receiving less than the minimum wage required by the AMWA. Plaintiff regularly worked through her lunch breaks, yet Plaintiff was not paid, so she complained. Plaintiff also complained about resident abuse.

4.      When Defendants refused to comply with the law, Plaintiff hired a lawyer.

5.      Less than a week after her lawyer contacted the Defendants in 2022, Defendants terminated the Plaintiff for an illegal reason.

6.      Failure to pay Plaintiff for work in the employer's interest also constitutes a breach of contract. Plaintiff agreed to work for the Defendant in return for an hourly wage, but the corporate Defendant failed to pay Plaintiff in accordance with their agreement.

7.      At all relevant times, Defendant continuously employed at least forty (40) employees.

## COUNT I – RETALIATION

8.      Plaintiff, individually, re-alleges the foregoing paragraphs, as though fully stated herein.

9.      By virtue of the facts alleged herein, the Defendants have retaliated against Plaintiff because she complained about violations of the AMWA and the FLSA in violation of the well-established public policy of the State of Arkansas and the FLSA.

10.     Mr. Cooper terminated the Plaintiff, immediately after he was contacted by counsel.

11.     Plaintiff hired a lawyer to pursue FLSA and AMWA violations. Mr. Cooper told Plaintiff's supervisors Plaintiff was fired because she hired a lawyer.

12.     As a direct result of Defendants' conduct, Plaintiff has lost wages, lost fringe benefits, and incurred medical bills, entitling her to compensatory damages.

13.     The Defendants have acted in intentional, malicious, and willful violation of the law and should therefore be liable for punitive or liquidated damages.

## COUNT II

14.     Plaintiff, on behalf of herself and all others  re-alleges the foregoing as if fully set out herein.

15.     Plaintiff worked through her lunch time on average at least two days per week, but she was not paid for this time.

16.     Plaintiff was working in a non-exempt position, yet was not paid overtime for hours she worked in excess of 40 hours per week.

17.     At all times relevant herein, each Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4) and the FLSA.

18.     Plaintiff, with the knowledge and direction of Defendant, consistently performed duties during her lunch hour and other scheduled breaks but Plaintiff was not paid.

19.     She was regularly required as part of her job duties to work in excess of forty hours a week, with no additional compensation whatsoever in breach of contract.

20.     Plaintiff was the victim of a willful, wanton, and calculated decision, policy or plan.

## COUNT III

21.      Plaintiff re-alleges the foregoing as if fully set out herein.

22.     Plaintiff, individually and on behalf of all others similarly situated, seeks conditional certification of her AMWA and the FLSA claims as a class action pursuant to the Arkansas Minimum Wage Act, Arkansas Code Annotated §§ 11-4-201, *et seq.*, and a collective action under the FLSA to recover compensation due them. Plaintiff requests the court to authorize notice to all potential collective action class members. Plaintiff was working in a non-exempt position, yet who was not paid for hours she worked in excess of 40 hours per week.

23.     An employee like Plaintiff may bring an FLSA action on behalf of herself and any other 'similarly situated' employees under A.C.A. § 11-4-218 and the FLSA. Specifically, the AMWA provides:

24.     The FLSA and Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

25.     During the period relevant to this lawsuit, Defendants treated Plaintiff, and all similarly situated members of the AMWA class as non-exempt from the overtime requirements of the AMWA.  Plaintiff and the Class worked through their meal breaks without compensation.

26.     Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

27.     Here, Plaintiff and other employees in Arkansas like her, with the knowledge and direction of their employer, consistently performed duties during their scheduled lunch break, as well as awarded bonuses that do not represent Plaintiff's regular rate of pay.  They are regularly required as part of their job duties to work in excess of forty hours a week, with no additional compensation whatsoever.  Plaintiff and the proposed Class are victims of a single, willful, wanton, and calculated decision, policy or plan.

28.     Plaintiff seeks to represent all past or present employees of Defendants in Arkansas, working in positions classified as non-exempt who worked in the interest of Defendants for more than 40 hours in a work week, yet who have not been paid overtime within the three years preceding filing of the Original Complaint.

29.     Defendants violated the FLSA by failing to pay its hourly employees in full for hours worked in the interest of the employer. Specifically, Plaintiff states that Defendants use an "unlawful compensation system," knowingly and willfully.  This is a common issue of fact that predominates over individual questions.

30.     Plaintiff's claims are typical of the Class, since she alleges she and the Class worked more than 40 hours per week.  But Defendants continue to refuse to pay these employees consistent

with Arkansas law and the FLSA, making certification under Rule 23(b)(1), (2) and (3) appropriate, as well as certified as a collective action under the FLSA.

31.     Given the common duties, requirements, and method of compensation by the Defendants, or on its behalf, there are common issues of fact regarding why Defendants refused to compensate Plaintiff and the Class in accordance with Arkansas and federal law.

32.     The above common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action or collective action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of both AMWA and FLSA Classes.

41.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.  To that end, all non-exempt employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate.  Ark. Code Ann. § 11-4-211.

42.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already in progress by any members of the proposed class concerning the allegations in this Complaint.

43.     Concentrating the litigation in this forum is highly desirable because Defendant has a significant presence in this County and because Plaintiff and all proposed Rule 23 class members work or worked with in Arkansas.

44.     No difficulties are likely to be encountered in the management of this class action.

45.     Plaintiff and her counsel are familiar with the issues raised herein and are adequate Class representatives. Plaintiff and her counsel will fairly and adequately protect the interests of the classes.

46.     Plaintiff's counsel is competent to litigate FLSA collective class actions and Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel

47.     Prosecution of separate actions by individual members of the proposed classes would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

48.     The Class is so numerous such that joinder is impracticable, and a Class action is a superior means of resolution.

## **JURY DEMAND**

49.     Plaintiff prays for a trial by jury.

**WHEREFORE**, Plaintiff, **SHARON JACKSON**, prays for compensatory damages, back pay and front pay or reinstatement under all claims, for liquidated damages under the FLSA and the AMWA, for an injunction requiring Defendants to remove all adverse information from Plaintiff's personnel file; training, a 800 hotline, record keeping requirements for claims of FLSA retaliation or AMWA violation, for an injunction requiring Defendants to reinstate Plaintiff; a

requirement that a hotline be instituted for overtime violations, training of management and employees on overtime issues, an independent monitor, a review of all job descriptions and employees descriptions of their jobs to determine which are appropriately considered non-exempt carried out by an independent reviewer, for wage loss for all members of the class, for liquidated damages for all members of the class, for Defendants to be required to conduct a thorough search and advertisements for all members of the class so that they may be reimbursed for their losses, for a trial by jury; for reasonable attorneys' fees; for costs; and for all other just and proper relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce Street, Ste. 105
Little Rock, AR 72207
501/315-1910 Office
501/315-1916 Facsimile
Counsel for the Plaintiff

By:     */s/ Luther Oneal Sutter*
Luther Oneal Sutter, ARBN 95031
luthersutter.law@gmail.com

By:     */s/ Lucien R. Gillham*
Lucien R. Gillham, ARBN 99199
lucien.gillham@gmail.com

**IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS**
**CHICKASAWBA DIVISION**

**SHARON JACKSON, on behalf of herself**
**and all other similarly situated**                                **PLAINTIFF**

**vs.**                          CASE NO. 47BCV-23-150 (sm)

**ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;**
**ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;**
**ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A**
**OUTSOURCING, LLC; and, MICHAEL COOPER**          **DEFENDANTS**

### *SUMMONS*

### *THE STATE OF ARKANSAS TO DEFENDANT:*

**G&A PARTNERS**

A lawsuit has been filed against you.  The relief demanded is stated in the attached Complaint.  Within 30 days after service of this Summons on you (not counting the day you received it) — or 60 days if you are a federal institution, or you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose name and address is: Luther Sutter, Lucien Gillham, of *SUTTER & GILLHAM, P.L.L.C.,* 1501 N. Pierce Ste 105, Little Rock, AR 72207 – 501/315-1910.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED:  Summons and Complaint.

Address of Clerk's Office                    CLERK OF COURT   Leslie Mason, Circuit Clerk
Mississippi County Circuit Clerk
Blytheville District                         By: Stacy Fulks, DC
PO Box 1498                                  Signature of Clerk or Deputy Clerk]
Blytheville, AR 72316
                                             Date: 5-15-2023  11:00 am
                                             [SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

    [signature of server]

_____

    [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____

[signature of server]

_____

[printed name]

Address: _____

_____

    Phone: _____

Subscribed and sworn to before me this date: _____

    Notary Public _____

My Commission Expires: _____

No. _____ This summons is for _____ _____ (*name of Defendant*).

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to

the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on

_____ [date] I left the summons and complaint in the close proximity of

the defendant by _____ [describe how the

summons and complaint was left] after he/she refused to receive it when I offered it to

him/her; or

☐ On _____ [date] I left the summons and complaint with

_____, a member of the defendant's family at least 18 years of age, at

_____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____

[name of individual], an agent authorized by appointment or by law to receive service of

summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address],

where the defendant maintains an office or other fixed location for the conduct of

business, during normal working hours I left the summons and complaint with

_____[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

_____

_____

_____

_____

_____

_____

_____

My fee is $ _____.

Additional information regarding service or attempted service:

_____

_____

_____ I was unable to execute service because. _____ ___ _____ ___ __

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
    Signature of Server

_____
Printed Name, Title, and Badge Number

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
    Signature of Server

_____
Printed Name

_____
Address

_____
Phone:

    **Subscribed and sworn to** before me this date _____.

                                     _____
                                     Notary Public
My Commission Expires:

Additional information regarding service or attempted service:

_____

_____

_____

### IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
### CHICKASAWBA DIVISION

**SHARON JACKSON, on behalf of herself**
**and all other similarly situated**                                **PLAINTIFF**

**vs.**                          CASE NO. 47BCV-23-150 (Sm)

**ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;**
**ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;**
**ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A**
**OUTSOURCING, LLC; and, MICHAEL COOPER**              **DEFENDANTS**

### *SUMMONS*

*THE STATE OF ARKANSAS TO DEFENDANT:*

**G&A OUTSOURCING, LLC**

A lawsuit has been filed against you. The relief demanded is stated in the attached Complaint. Within 30 days after service of this Summons on you (not counting the day you received it) — or 60 days if you are a federal institution, or you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose name and address is: Luther Sutter, Lucien Gillham, of *SUTTER & GILLHAM, P.L.L.C.*, 1501 N. Pierce Ste 105, Little Rock, AR 72207 – 501/315-1910.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED: Summons and Complaint.

Leslie Mason, Circuit Clerk

Address of Clerk's Office                    CLERK OF COURT
Mississippi County Circuit Clerk
Blytheville District                          By: Stacy Fulks, DC.
PO Box 1498                                   Signature of Clerk or Deputy Clerk]
Blytheville, AR 72316
                                              Date: 5-15-2003    11:00 Am
                                              [SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
    [signature of server]

_____
    [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
[signature of server]

_____
[printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

Notary Public _____

My Commission Expires: _____

No. _____ This summons is for _____ _____ (*name of Defendant*).

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

[ ] I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

[ ] I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

[ ] Other [specify]:

[ ] I was unable to execute service because:

_____

_____

_____

_____

_____

_____

_____

My fee is $ _____.

Additional information regarding service or attempted service:

_____

_____

_____ I was unable to execute service because. _____ ___ _____ ___ __.

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
    Signature of Server

_____
Printed Name, Title, and Badge Number

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
    Signature of Server

_____
Printed Name

_____
Address

_____
Phone:

    **Subscribed and sworn to** before me this date _____.

_____
Notary Public

My Commission Expires:

Additional information regarding service or attempted service:

_____

_____

_____

## IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
## CHICKASAWBA DIVISION

**SHARON JACKSON, on behalf of herself
and all other similarly situated**                                      **PLAINTIFF**

**vs.**                       CASE NO. 47BCV-23-150 (SM)

**ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;
ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;
ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A
OUTSOURCING, LLC; and, MICHAEL COOPER**                      **DEFENDANTS**

### *SUMMONS*

*THE STATE OF ARKANSAS TO DEFENDANT:*

**ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;**

A lawsuit has been filed against you.  The relief demanded is stated in the attached
Complaint.  Within 30 days after service of this Summons on you (not counting the day
you received it) — or 60 days if you are a federal institution, or you are incarcerated in any
jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk
of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas
Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose
name and address is: Luther Sutter, Lucien Gillham, of *SUTTER & GILLHAM, P.L.L.C.,*
1501 N. Pierce Ste 105, Little Rock, AR 72207 – 501/315-1910.

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED:  Summons and Complaint.

Address of Clerk's Office                    CLERK OF COURT   Leslie Mason, Circuit Clerk
Mississippi County Circuit Clerk
Blytheville District                         By: Stacy Fulk, DC
PO Box 1498                                  Signature of Clerk or Deputy Clerk]
Blytheville, AR 72316
                                             Date: 5-15-2023   11:00 Am
                                             [SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
    [signature of server]

_____
    [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
[signature of server]

_____
[printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

Notary Public _____

My Commission Expires: _____

No. _____ This summons is for _____ _____ (*name of Defendant*).

**PROOF OF SERVICE**

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business. during normal working hours I left the summons and complaint with _____[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

_____

_____

_____

_____

_____

_____

My fee is $ _____.

Additional information regarding service or attempted service:

_____

_____

_____ I was unable to execute service because. _____ __ _____ ... .

My fee is $ _____ .

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
   Signature of Server

_____
Printed Name, Title, and Badge Number

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
   Signature of Server

_____
Printed Name

_____
Address

_____
Phone:

   **Subscribed and sworn to** before me this date _____ .

_____
Notary Public

My Commission Expires:

Additional information regarding service or attempted service:

_____

_____

_____

**IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DIVISION**

**SHARON JACKSON, on behalf of herself
and all other similarly situated**                               **PLAINTIFF**

**vs.**                    CASE NO. 47BCV-23-150 (SM)

**ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;
ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;
ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A
OUTSOURCING, LLC; and, MICHAEL COOPER**          **DEFENDANTS**

### *SUMMONS*

*THE STATE OF ARKANSAS TO DEFENDANT:*

**ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;**

A lawsuit has been filed against you.  The relief demanded is stated in the attached
Complaint.  Within 30 days after service of this Summons on you (not counting the day
you received it) — or 60 days if you are a federal institution, or you are incarcerated in any
jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk
of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas
Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose
name and address is: Luther Sutter, Lucien Gillham, of *SUTTER & GILLHAM, P.L.L.C.,*
1501 N. Pierce Ste 105, Little Rock, AR 72207 – 501/315-1910.

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED:  Summons and Complaint.

Address of Clerk's Office          CLERK OF COURT  Leslie Mason, Circuit Clerk
Mississippi County Circuit Clerk
Blytheville District               By: Stacy Hulks, DC
PO Box 1498                        [Signature of Clerk or Deputy Clerk]
Blytheville, AR 72316
                                   Date: 5-15-2023   11:00 AM
                                   [SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY. ARKANSAS

By: _____
[signature of server]

_____
[printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
[signature of server]

_____
[printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

Notary Public _____

My Commission Expires: _____

No. _____ This summons is for _____  _____ (*name of Defendant*).

**PROOF OF SERVICE**

☐ On _____ [date] I personally delivered the summons and complaint to
the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on
_____ [date] I left the summons and complaint in the close proximity of
the defendant by _____ [describe how the
summons and complaint was left] after he/she refused to receive it when I offered it to
him/her; or

☐ On _____ [date] I left the summons and complaint with
_____, a member of the defendant's family at least 18 years of age, at
_____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____
[name of individual], an agent authorized by appointment or by law to receive service of
summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address],
where the defendant maintains an office or other fixed location for the conduct of
business. during normal working hours I left the summons and complaint with
_____[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

_____

_____

_____

_____

_____

_____

My fee is $ _____.

Additional information regarding service or attempted service:

_____

_____

_____ I was unable to execute service because: _____ _____.

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
    Signature of Server

_____
Printed Name, Title, and Badge Number

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
    Signature of Server

_____
Printed Name

_____
Address

_____
Phone:

    **Subscribed and sworn to** before me this date _____.

_____
Notary Public

My Commission Expires:

Additional information regarding service or attempted service:

_____

_____

_____

**IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DIVISION**

SHARON JACKSON, on behalf of herself
and all other similarly situated                                      PLAINTIFF

vs.                                    CASE NO. 47BCV-23-150 (SM)

ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;
ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;
ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A
OUTSOURCING, LLC; and, MICHAEL COOPER          DEFENDANTS

*SUMMONS*

*THE STATE OF ARKANSAS TO DEFENDANT:*

ARKANSAS CONTINUED CARE, LLC

A lawsuit has been filed against you.  The relief demanded is stated in the attached
Complaint.  Within 30 days after service of this Summons on you (not counting the day
you received it) — or 60 days if you are a federal institution, or you are incarcerated in any
jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk
of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas
Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose
name and address is: Luther Sutter, Lucien Gillham, of *SUTTER & GILLHAM, P.L.L.C.,*
1501 N. Pierce Ste 105, Little Rock, AR 72207 – 501/315-1910.

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED:  Summons and Complaint.

Address of Clerk's Office                    CLERK OF COURT   Leslie Mason, Circuit Clerk
Mississippi County Circuit Clerk
Blytheville District                         By: Stacy Fulks, DC.
PO Box 1498                                  Signature of Clerk or Deputy Clerk]
Blytheville, AR 72316
                                             Date: 5-15-2023   11:00 Am
                                             [SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
     [signature of server]

_____
     [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
[signature of server]

_____
[printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

Notary Public _____

My Commission Expires: _____

No. _____ This summons is for _____ (*name of Defendant*).

**PROOF OF SERVICE**

☐ On _____ [date] I personally delivered the summons and complaint to

the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on

_____ [date] I left the summons and complaint in the close proximity of

the defendant by _____ [describe how the

summons and complaint was left] after he/she refused to receive it when I offered it to

him/her; or

☐ On _____ [date] I left the summons and complaint with

_____, a member of the defendant's family at least 18 years of age, at

_____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____

[name of individual], an agent authorized by appointment or by law to receive service of

summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address],

where the defendant maintains an office or other fixed location for the conduct of

business, during normal working hours I left the summons and complaint with

_____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

_____

_____

_____

_____

_____

___ _____

_____

My fee is $ _____.

Additional information regarding service or attempted service:

_____

_____

_____ I was unable to execute service because. _____ ____ .

My fee is $ _____ .


**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
    Signature of Server


_____
Printed Name, Title, and Badge Number


**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
    Signature of Server


_____
Printed Name


_____
Address


_____
Phone:

    **Subscribed and sworn to** before me this date _____ .


_____
    Notary Public

My Commission Expires:

Additional information regarding service or attempted service:

_____

_____

_____

## IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
## CHICKASAWBA DIVISION

**SHARON JACKSON, on behalf of herself
and all other similarly situated**                                                 **PLAINTIFF**

**vs.**                            CASE NO. 47BCV-23-150 (Sm)

**ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;
ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;
ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A
OUTSOURCING, LLC; and, MICHAEL COOPER**                 **DEFENDANTS**

### *SUMMONS*

### *THE STATE OF ARKANSAS TO DEFENDANT:*

**G&A PARTNERS**

A lawsuit has been filed against you.  The relief demanded is stated in the attached
Complaint.  Within 30 days after service of this Summons on you (not counting the day
you received it) — or 60 days if you are a federal institution, or you are incarcerated in any
jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk
of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas
Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose
name and address is: Luther Sutter, Lucien Gillham, of *SUTTER & GILLHAM, P.L.L.C.,*
1501 N. Pierce Ste 105, Little Rock, AR 72207 – 501/315-1910.

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED:  Summons and Complaint.

Address of Clerk's Office                          CLERK OF COURT          Leslie Mason, Circuit Clerk
Mississippi County Circuit Clerk
Blytheville District                                          By: Stacy Fulks, DC
PO Box 1498                                                   [Signature of Clerk or Deputy Clerk]
Blytheville, AR 72316                                   Date: 5-15-2023   11:00 am
                                                                        [SEAL]

To be completed if service is by a sheriff or deputy sheriff:

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
    [signature of server]

_____

    [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
[signature of server]

_____

[printed name]

Address: _____

_____

    Phone: _____

Subscribed and sworn to before me this date: _____

    Notary Public _____

My Commission Expires: _____

No. _____ This summons is for _____  _____ (*name of Defendant*).

PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to

the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on

_____ [date] I left the summons and complaint in the close proximity of

the defendant by _____ [describe how the

summons and complaint was left] after he/she refused to receive it when I offered it to

him/her; or

☐ On _____ [date] I left the summons and complaint with

_____, a member of the defendant's family at least 18 years of age, at

_____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____

[name of individual], an agent authorized by appointment or by law to receive service of

summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address],

where the defendant maintains an office or other fixed location for the conduct of

business, during normal working hours I left the summons and complaint with

_____[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

_____

_____

_____

_____

_____

_____

_____

My fee is $ _____.

Additional information regarding service or attempted service:

_____

_____

_____ I was unable to execute service because. _____ _____ ____ _

My fee is $ _____.


**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF_____ COUNTY, ARKANSAS

By: _____
    Signature of Server


_____
Printed Name, Title, and Badge Number


**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
    Signature of Server


_____
Printed Name


_____
Address


_____
Phone:

    **Subscribed and sworn to** before me this date _____.


_____
Notary Public

My Commission Expires:

Additional information regarding service or attempted service:

_____

_____

_____

## IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
## CHICKASAWBA DIVISION

**SHARON JACKSON, on behalf of herself
and all other similarly situated**                                    **PLAINTIFF**

**vs.**                    CASE NO. 47BCV-23-150 (Sm)

**ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;
ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;
ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A
OUTSOURCING, LLC; and, MICHAEL COOPER**                **DEFENDANTS**

### *SUMMONS*

### *THE STATE OF ARKANSAS TO DEFENDANT:*

**G&A OUTSOURCING, LLC**

A lawsuit has been filed against you. The relief demanded is stated in the attached Complaint. Within 30 days after service of this Summons on you (not counting the day you received it) — or 60 days if you are a federal institution, or you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose name and address is: Luther Sutter, Lucien Gillham, of *SUTTER & GILLHAM, P.L.L.C.,* 1501 N. Pierce Ste 105, Little Rock, AR 72207 – 501/315-1910.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED:  Summons and Complaint.

Leslie Mason, Circuit Clerk

Address of Clerk's Office
Mississippi County Circuit Clerk
Blytheville District
PO Box 1498
Blytheville, AR 72316

CLERK OF COURT

By: Stacy Fulks, DC

Signature of Clerk or Deputy Clerk]

Date: 5-15-2023    11:00 Am

[SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
   [signature of server]

_____
   [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
[signature of server]

_____
[printed name]

Address: _____

_____

   Phone: _____

Subscribed and sworn to before me this date: _____

   Notary Public _____

My Commission Expires: _____

No. _____ This summons is for _____  _____ *(name of **Defendant**).*

PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business. during normal working hours I left the summons and complaint with _____[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

_____

_____

_____

_____

_____

_____

My fee is $ _____.

Additional information regarding service or attempted service:

_____

_____

_____ I was unable to execute service because: _____ _____ ____ __

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF_____ COUNTY, ARKANSAS

By: _____
   Signature of Server

_____
Printed Name, Title, and Badge Number

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
   Signature of Server

_____
Printed Name

_____
Address

_____
Phone:

     **Subscribed and sworn to** before me this date _____.

_____
Notary Public

My Commission Expires:

Additional information regarding service or attempted service:

_____

_____

_____

## IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
## CHICKASAWBA DIVISION

**SHARON JACKSON, on behalf of herself
and all other similarly situated**                                          **PLAINTIFF**

**vs.**                          CASE NO. 47BCV-23-150 (Sm)

**ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;
ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;
ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A
OUTSOURCING, LLC; and, MICHAEL COOPER**                    **DEFENDANTS**

### *SUMMONS*

### *THE STATE OF ARKANSAS TO DEFENDANT:*

**MICHAEL COOPER**

A lawsuit has been filed against you.  The relief demanded is stated in the attached
Complaint.  Within 30 days after service of this Summons on you (not counting the day
you received it) — or 60 days if you are a federal institution, or you are incarcerated in any
jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk
of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas
Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose
name and address is: Luther Sutter, Lucien Gillham, of *SUTTER & GILLHAM, P.L.L.C.,*
1501 N. Pierce Ste 105, Little Rock, AR 72207 – 501/315-1910.

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED:  Summons and Complaint.

Address of Clerk's Office                     CLERK OF COURT   Leslie Mason, Circuit Clerk
Mississippi County Circuit Clerk
Blytheville District                                    By: Stacy Fulks, DC.
PO Box 1498                                          [Signature of Clerk or Deputy Clerk]
Blytheville, AR 72316
                                                             Date: 5-15-2023  11:00 am
                                                             [SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
     [signature of server]

_____
     [printed name, title, and badge number]

     **To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
[signature of server]

_____
[printed name]

Address: _____

_____

     Phone: _____

Subscribed and sworn to before me this date: _____

     Notary Public _____

My Commission Expires: _____

No. _____ This summons is for _____   _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business. during normal working hours I left the summons and complaint with _____   _____[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

_____

_____

_____

_____

_____

_____

My fee is $ _____.

Additional information regarding service or attempted service:

_____

_____

_____ I was unable to execute service because. _____ ___ _____ __ __

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
    Signature of Server

_____
Printed Name, Title, and Badge Number

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
    Signature of Server

_____
Printed Name

_____
Address

_____
Phone:

    **Subscribed and sworn to** before me this date _____.

_____
Notary Public

My Commission Expires:

Additional information regarding service or attempted service:

_____

_____

_____



**IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS**
**CHICKASAWBA DIVISION**

**SHARON JACKSON, on behalf of herself**
**and all other similarly situated**                                          **PLAINTIFF**

vs.                                       CASE NO. 47BCV-23-150 (Sm)

**ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;**
**ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;**
**ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A**
**OUTSOURCING, LLC; and, MICHAEL COOPER**                 **DEFENDANTS**


### CLASS ACTION **COMPLAINT**

COMES THE PLAINTIFF, **SHARON JACKSON**, by and through Counsel, **SUTTER &**

**GILLHAM, P.L.L.C.**; and, for her Complaint, she states:

### PARTIES AND JURISDICTIONS

1.      Plaintiff is a resident and citizen of Blytheville, Arkansas, who worked for the

Defendants in Jonesboro, Arkansas. Defendants, Arkansas Continued Care Hospital of Jonesboro,

LLC, and its Professional Employer Organization; Arkansas Continued Care Hospital of Hot

Springs, LLC, and its Professional Employer Organization; Arkansas Continued Care, LLC, and

its Professional Employer Organization; and, G&A Outsourcing, LLC, (G&A Partners) employed

the Plaintiff. The corporate Defendants are entities authorized to do business in the State of

Arkansas. This is an action for breach of contract and for violation of the FLSA and Arkansas

Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, *et seq.* Since he had the power to

fire, hire, and set the conditions of Plaintiff's employment, Defendant, Michael Cooper, is sued in

his individual capacity, as allowed under the AMWA. Accordingly, since the acts giving rise to

this action arose in this county, venue is proper. This Court has personal jurisdiction, as well as

subject matter jurisdiction. This case is related to 47BCV-22-265 and is filed because the Defendant has raised service issues.

## GENERAL ALLEGATIONS OF FACTS

2.      Plaintiff was employed by Cooper, Arkansas Continued Care Hospital Arkansas Continued Care Hospital of Jonesboro, LLC, and its Professional Employer Organization, G&A Partners in 2022 as a non-exempt worker, through Defendant, G&A Outsourcing, LLC (G&A Partners). Plaintiff worked more than forty (40) hours per week but was not paid overtime. Defendants all played a part in Plaintiff's employment in one fashion or another, to the best of her information, knowledge and belief.

3.      Also, Defendants worked Plaintiff off the clock resulting in Plaintiff no receiving overtime and receiving less than the minimum wage required by the AMWA. Plaintiff regularly worked through her lunch breaks, yet Plaintiff was not paid, so she complained. Plaintiff also complained about resident abuse.

4.      When Defendants refused to comply with the law, Plaintiff hired a lawyer.

5.      Less than a week after her lawyer contacted the Defendants in 2022, Defendants terminated the Plaintiff for an illegal reason.

6.      Failure to pay Plaintiff for work in the employer's interest also constitutes a breach of contract. Plaintiff agreed to work for the Defendant in return for an hourly wage, but the corporate Defendant failed to pay Plaintiff in accordance with their agreement.

7.      At all relevant times, Defendant continuously employed at least forty (40) employees.

## COUNT I – RETALIATION

8.     Plaintiff, individually, re-alleges the foregoing paragraphs, as though fully stated herein.

9.     By virtue of the facts alleged herein, the Defendants have retaliated against Plaintiff because she complained about violations of the AMWA and the FLSA in violation of the well-established public policy of the State of Arkansas and the FLSA.

10.     Mr. Cooper terminated the Plaintiff, immediately after he was contacted by counsel.

11.     Plaintiff hired a lawyer to pursue FLSA and AMWA violations. Mr. Cooper told Plaintiff's supervisors Plaintiff was fired because she hired a lawyer.

12.     As a direct result of Defendants' conduct, Plaintiff has lost wages, lost fringe benefits, and incurred medical bills, entitling her to compensatory damages.

13.     The Defendants have acted in intentional, malicious, and willful violation of the law and should therefore be liable for punitive or liquidated damages.

## COUNT II

14.     Plaintiff, on behalf of herself and all others  re-alleges the foregoing as if fully set out herein.

15.     Plaintiff worked through her lunch time on average at least two days per week, but she was not paid for this time.

16.     Plaintiff was working in a non-exempt position, yet was not paid overtime for hours she worked in excess of 40 hours per week.

17.     At all times relevant herein, each Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4) and the FLSA.

18.     Plaintiff, with the knowledge and direction of Defendant, consistently performed duties during her lunch hour and other scheduled breaks but Plaintiff was not paid.

19.     She was regularly required as part of her job duties to work in excess of forty hours a week, with no additional compensation whatsoever in breach of contract.

20.     Plaintiff was the victim of a willful, wanton, and calculated decision, policy or plan.

## COUNT III

21.      Plaintiff re-alleges the foregoing as if fully set out herein.

22.     Plaintiff, individually and on behalf of all others similarly situated, seeks conditional certification of her AMWA and the FLSA claims as a class action pursuant to the Arkansas Minimum Wage Act, Arkansas Code Annotated §§ 11-4-201, *et seq.*, and a collective action under the FLSA to recover compensation due them. Plaintiff requests the court to authorize notice to all potential collective action class members. Plaintiff was working in a non-exempt position, yet who was not paid for hours she worked in excess of 40 hours per week.

23.     An employee like Plaintiff may bring an FLSA action on behalf of herself and any other 'similarly situated' employees under A.C.A. § 11-4-218 and the FLSA. Specifically, the AMWA provides:

24.     The FLSA and Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

25.     During the period relevant to this lawsuit, Defendants treated Plaintiff, and all similarly situated members of the AMWA class as non-exempt from the overtime requirements of the AMWA.  Plaintiff and the Class worked through their meal breaks without compensation.

26.     Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

27.     Here, Plaintiff and other employees in Arkansas like her, with the knowledge and direction of their employer, consistently performed duties during their scheduled lunch break, as well as awarded bonuses that do not represent Plaintiff's regular rate of pay.  They are regularly required as part of their job duties to work in excess of forty hours a week, with no additional compensation whatsoever.  Plaintiff and the proposed Class are victims of a single, willful, wanton, and calculated decision, policy or plan.

28.     Plaintiff seeks to represent all past or present employees of Defendants in Arkansas, working in positions classified as non-exempt who worked in the interest of Defendants for more than 40 hours in a work week, yet who have not been paid overtime within the three years preceding filing of the Original Complaint.

29.     Defendants violated the FLSA by failing to pay its hourly employees in full for hours worked in the interest of the employer. Specifically, Plaintiff states that Defendants use an "unlawful compensation system," knowingly and willfully.  This is a common issue of fact that predominates over individual questions.

30.     Plaintiff's claims are typical of the Class, since she alleges she and the Class worked more than 40 hours per week.  But Defendants continue to refuse to pay these employees consistent

with Arkansas law and the FLSA, making certification under Rule 23(b)(1), (2) and (3) appropriate, as well as certified as a collective action under the FLSA.

31.    Given the common duties, requirements, and method of compensation by the Defendants, or on its behalf, there are common issues of fact regarding why Defendants refused to compensate Plaintiff and the Class in accordance with Arkansas and federal law.

32.    The above common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action or collective action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of both AMWA and FLSA Classes.

41.    The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.  To that end, all non-exempt employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

42.    At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already in progress by any members of the proposed class concerning the allegations in this Complaint.

43.     Concentrating the litigation in this forum is highly desirable because Defendant has a significant presence in this County and because Plaintiff and all proposed Rule 23 class members work or worked with in Arkansas.

44.     No difficulties are likely to be encountered in the management of this class action.

45.     Plaintiff and her counsel are familiar with the issues raised herein and are adequate Class representatives. Plaintiff and her counsel will fairly and adequately protect the interests of the classes.

46.     Plaintiff's counsel is competent to litigate FLSA collective class actions and Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel

47.     Prosecution of separate actions by individual members of the proposed classes would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

48.     The Class is so numerous such that joinder is impracticable, and a Class action is a superior means of resolution.

### JURY DEMAND

49.     Plaintiff prays for a trial by jury.

**WHEREFORE**, Plaintiff, **SHARON JACKSON**, prays for compensatory damages, back pay and front pay or reinstatement under all claims, for liquidated damages under the FLSA and the AMWA, for an injunction requiring Defendants to remove all adverse information from Plaintiff's personnel file; training, a 800 hotline, record keeping requirements for claims of FLSA retaliation or AMWA violation, for an injunction requiring Defendants to reinstate Plaintiff; a

requirement that a hotline be instituted for overtime violations, training of management and employees on overtime issues, an independent monitor, a review of all job descriptions and employees descriptions of their jobs to determine which are appropriately considered non-exempt carried out by an independent reviewer, for wage loss for all members of the class, for liquidated damages for all members of the class, for Defendants to be required to conduct a thorough search and advertisements for all members of the class so that they may be reimbursed for their losses, for a trial by jury; for reasonable attorneys' fees; for costs; and for all other just and proper relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce Street, Ste. 105
Little Rock, AR 72207
501/315-1910 Office
501/315-1916 Facsimile
Counsel for the Plaintiff

By:     */s/ Luther Oneal Sutter*
        Luther Oneal Sutter, ARBN 95031
        luthersutter.law@gmail.com

By:     */s/ Lucien R. Gillham*
        Lucien R. Gillham, ARBN 99199
        lucien.gillham@gmail.com

ELECTRONICALLY FILED
Mississippi County Circuit Court in Blytheville District
Leslie Mason, Circuit Clerk
2023-Jun-20  13:41:23
47BCV-23-150
C02D05 : 13 Pages

## IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS CHICKASAWBA DISTRICT

**SHARON JACKSON, on behalf
of herself and all others similarly
situated**                                                          **PLAINTIFF**

**VS.**                            **CASE NO. 47BCV-23-150**

**ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;
ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;
ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A
OUTSOURCING, LLC; and
MICHAEL COOPER**                                      **DEFENDANTS**

### ANSWER TO CLASS ACTION COMPLAINT

Comes now Separate Defendant, Michael Cooper ("Defendant"), by and through his counsel, Gill Ragon Owen, P.A., and for his Answer to Plaintiff's Class Action Complaint (the "Complaint"), states:

1.     Defendant is without sufficient information to admit or deny whether Plaintiff is a resident and citizen of Blytheville, Arkansas and, therefore, denies said allegation. Defendant denies that Plaintiff worked for him. Upon information and belief, Defendant admits that Plaintiff worked for Arkansas Continued Care Hospital of Jonesboro, LLC in Jonesboro, Arkansas. Defendant admits that Plaintiff purports to bring an action for breach of contract and for violations of Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* ("AMWA") and the Fair Labor Standards Act ("FLSA"), but denies any wrongdoing or unlawful conduct or that Plaintiff is entitled to any damages or other relief of any kind. Defendant denies that he had the

1

unilateral authority or power to fire, hire and set the conditions of Plaintiff's employment. Defendant admits that Plaintiff purports to sue Defendant in his individual capacity but denies that he has been properly named as a defendant. Defendant is without sufficient information to admit or deny whether the corporate Defendants are entities authorized to do business in the State of Arkansas and, therefore, denies said allegation. Defendant is without sufficient information to admit or deny whether venue is proper within this Court and is without sufficient information to admit or deny whether this Court has personal and subject matter jurisdiction and, therefore, denies said allegations. Defendant denies that the acts complained of in the Complaint occurred. Defendant admits that the facts alleged in the Complaint in this action are related to those asserted in the case pending before this Court in Case No. 47BCV-22-265. Defendant is without sufficient information to admit or deny Plaintiff's motives for filing this present action and, therefore, denies that Plaintiff filed the present Complaint because the Defendant raised service issues. Except as specifically admitted, Defendant denies each and every allegation in Paragraph 1 of the Complaint.

2.      Defendant denies that Plaintiff was employed by Cooper. Defendant admits that Plaintiff was employed by Arkansas Continued Care Hospital of Jonesboro, LLC in 2022 and that Plaintiff was classified as non-exempt during her employment. Defendant is without sufficient information to admit or deny whether Plaintiff was employed "through" Defendant. G&A Outsourcing, LLC and, therefore, denies said allegation. Defendant denies that Plaintiff was not paid overtime.

Defendant denies all allegations in Paragraph 2 of the Complaint not specifically admitted herein.

3.      Defendant denies each and every allegation in Paragraph 3 of the Complaint.

4.      Defendant denies refusing to comply with the law. Defendant is without sufficient information to admit or deny the allegations regarding Plaintiff's motive for hiring an attorney and, therefore, denies all allegations in Paragraph 4 of the Complaint.

5.      Upon information and belief, Defendant admits that Plaintiff was terminated within one (1) week of Plaintiff's counsel contacting Cooper. Defendant denies that Plaintiff was terminated for an illegal reason. Defendant denies each and every allegation in Paragraph 5 of the Complaint not specifically admitted herein.

6.      Defendant denies each and every allegation in Paragraph 6 of the Complaint.

7.      Upon information and belief, Defendant admits that Arkansas Continued Care Hospital of Jonesboro, LLC employed at least forty (40) employees. Defendant denies all allegations in Paragraph 7 of the Complaint not specifically admitted herein.

## COUNT I – RETALIATION

8.      Defendant incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 7 of the Complaint.

9.      Defendant denies each and every allegation in Paragraph 9 of the Complaint.

10.     Defendant admits that Plaintiff's employment was terminated within one (1) week of her counsel contacting Cooper. Defendant denies all allegations in Paragraph 10 of the Complaint not specifically admitted herein.

11.     Defendant is without sufficient information to admit or deny the allegations regarding Plaintiff's motive or purpose in hiring a lawyer and, therefore, denies said allegations. Defendant denies that he told Plaintiff's supervisors that Plaintiff was fired because she hired a lawyer. Defendant denies each and every remaining allegation in Paragraph 11 of the Complaint.

12.     Defendant denies each and every allegation in Paragraph 12 of the Complaint.

13.     Defendant denies each and every allegation in Paragraph 13 of the Complaint.

## COUNT II

14.     Defendant incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 13 of the Complaint.

15.     Defendant denies each and every allegation in Paragraph 15 of the Complaint.

16.     Defendant admits that Plaintiff was classified as non-exempt. Defendant denies each and every remaining allegation in Paragraph 16 of the Complaint.

17. The allegations contained in Paragraph 17 of the Complaint are statements of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies each and every allegation in Paragraph 18 of the Complaint.

19. Defendant denies each and every allegation in Paragraph 19 of the Complaint.

20. Defendant denies each and every allegation in Paragraph 20 of the Complaint.

## COUNT III

21. Defendant incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 20 of the Complaint.

22. Defendant denies each and every allegation in Paragraph 22 of the Complaint and, further, denies that any claim is properly asserted or is amenable to class certification or a collective action under the FLSA.

23. The AMWA and FLSA speak for themselves. Defendant denies that the AMWA provides a right of action under the FLSA, denies that a collective action is permitted by the AMWA and, further denies each and every allegation in Paragraph 23 of the Complaint.

24. The AMWA and FLSA speak for themselves. Defendant denies each and every allegation in Paragraph 24 of the Complaint.

5

25.     Defendant   admits   that   Plaintiff   was   classified   as   non-exempt.
Defendant denies that Plaintiff is "similarly situated" to other members of the AMWA
class. Defendant denies that Plaintiff or any other employee worked through their
meal breaks or any other break period without compensation. Defendant denies all
allegations in Paragraph 25 of the Complaint not specifically admitted herein.

26.     Defendant denies each and every allegation in Paragraph 26 of the
Complaint.

27.     Defendant denies each and every allegation in Paragraph 27 of the
Complaint.

28.     Defendant denies each and every allegation in Paragraph 28 of the
Complaint.

29.     Defendant denies each and every allegation in Paragraph 29 of the
Complaint.

30.     Defendant denies each and every allegation in Paragraph 30 of the
Complaint.

31.     Defendant denies each and every allegation in Paragraph 31 of the
Complaint.

32.     Defendant denies each and every allegation in Paragraph 32 of the
Complaint.

33.     The   AMWA   speaks   for   itself.   The   allegations   in   Paragraph   33
(numbered paragraph 41) contain statements of legal conclusions to which no

6

response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 33 (numbered paragraph 41) of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 (numbered paragraph 42) of the Complaint. Plaintiff has filed an action against Defendant in Case No. 47BCV-22-265, which is still pending before this Court.

35.     Defendant denies each and every allegation in Paragraph 35 (numbered paragraph 43) of the Complaint.

36.     Defendant denies each and every allegation in Paragraph 36 (numbered paragraph 44) of the Complaint.

37.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 37 (numbered paragraph 45) of the Complaint and, therefore, denies each and every allegation in Paragraph 37 (numbered paragraph 45) of the Complaint.

38.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 38 (numbered paragraph 46) of the Complaint and, therefore, denies each and every allegation in Paragraph 38 (numbered paragraph 46) of the Complaint.

39.     Defendant denies each and every allegation in Paragraph 39 (numbered paragraph 47) of the Complaint.

40.     Defendant denies each and every allegation in Paragraph 40 (numbered paragraph 48) of the Complaint.

41.     The allegations in Paragraph 41 (numbered paragraph 49) of the Complaint do not require a response. To the extent a response is required, Paragraph 41 (numbered paragraph 49) is denied.

42.     Defendant denies that Plaintiff or any person on whose behalf Plaintiff seeks to assert a claim are entitled to any relief sought in her "Wherefore" clause, including all subparts thereto.

43.     Defendant reserves the right to plead further.

44.     Defendant reserves the right to amend his Answer.

45.     Defendant denies each and every allegation contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     Defendant asserts that Plaintiff lacks standing.

2.     Defendant asserts that Plaintiff entered into an Arbitration Agreement with Defendants, Arkansas Continued Care Hospital of Jonesboro, LLC and G&A Partners and/or its affiliates pursuant to which Plaintiff agreed to arbitrate the claims asserted herein and, therefore, the Complaint should be dismissed, or this lawsuit should otherwise be stayed pending arbitration, for lack of subject matter jurisdiction under Rule 12(b)(1) of the Arkansas Rules of Civil Procedure or for failure to state facts on which relief can be granted under Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

3.     Defendant asserts that there is another action pending between the Plaintiff and Cooper arising out of the same transaction or occurrence in the case

styled *Sharon Jackson et al. vs. Arkansas Continued Care Hospital, et al.*, Circuit Court of Mississippi County, Arkansas Case No. 47BCV-22-265, and, therefore, the Complaint in this action should be dismissed pursuant to Rule 12(b)(8) of the Arkansas Rules of Civil Procedure or, in the alternative, the cases should be consolidated.

4.   Defendant asserts that the Court should strike the class action and collective action allegations from the Complaint pursuant to Rule 12(f) of the Arkansas Rules of Civil Procedure because Plaintiff waived any right to bring a class and/or collective action pursuant to the Arbitration Agreement Plaintiff entered into with Defendants, Arkansas Continued Care Hospital of Jonesboro, LLC and G&A Partners and/or its affiliates in conjunction with her employment.

5.   Defendant asserts that Plaintiff's claims are barred by the waiver doctrine because Plaintiff affirmatively agreed to waive any right to bring a class and/or collective action pursuant to the Arbitration Agreement Plaintiff entered into with Defendants, Arkansas Continued Care Hospital of Jonesboro, LLC and G&A Partners and/or its affiliates in conjunction with her employment.

6.   Defendant asserts that the Complaint otherwise fails to state facts upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

7.   Defendant asserts that Plaintiff has failed to allege that she participated in a statutorily protected activity and, therefore, her retaliation claim should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Arkansas Rules

9

of Civil Procedure.

8.      Defendant asserts the affirmative defense of failure of consideration.

9.      Defendant asserts that any alleged complaint made by Plaintiff related to a purported violation of the AMWA or FLSA was not made in good faith.

10.     Defendant asserts that the Complaint fails to state facts sufficient to support treating this matter as a class action and, therefore, Plaintiff's class claims should be dismissed pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

11.     Defendant asserts that the AMWA does not provide for a collective action.

12.     Defendant asserts that Plaintiff is not similarly situated to members of any proposed class and, further, Plaintiff's Complaint fails to define or allege any specific class sufficient to warrant class action treatment.

13.     Defendant asserts that he acted in good faith towards all individuals employed by Arkansas Continued Care Hospital of Jonesboro, LLC with respect to compensation.

14.     Defendant asserts that Plaintiff's request for class action treatment is inappropriate and is barred by the requirements of Rule 23. Defendant reserves all available defenses under Rule 23 and the applicable case law, including but not limited to the defense that the Plaintiff is an inadequate class representatives, that Plaintiff is not similarly situated to the proposed class for purposes of Rule 23, that there are not questions of law or fact common to the proposed class, that Plaintiff's

claims are not typical of the claims of the proposed class, and that the numerosity requirement is not satisfied.

15.    Defendant asserts that Plaintiff is not an adequate class representative and is not similarly situated to the members of the class/collective she seeks to represent for a number of reasons including, but not limited to, Plaintiff's Arbitration Agreement, Plaintiff's purported breach of contract claim, Plaintiff's failure to move for class certification, and the pendency of another action filed by Plaintiff which arises out of the same transactions and occurrences as have been alleged in this case.

16.    Defendant asserts that questions of law or fact do not predominate over any questions affecting only individual members of the putative class and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

17.    Defendant asserts that Plaintiff's claims and the claims of the putative class are barred, in whole or in part, by the doctrine of unclean hands.

18.    Defendant asserts that Plaintiff's claims and the claims of the putative class are barred, in whole or in part, by the doctrine of estoppel.

19.    Defendant asserts that Plaintiff's claims and the claims of the putative class are barred, in whole or in part, by the applicable statute of limitations.

20.    Defendant asserts that all actions taken relating to the Plaintiff's employment were based upon legitimate non-discriminatory business reasons and were taken for justified business purposes.

21.    Defendant asserts that any damages of Plaintiff, if any, which are

denied, are a direct result of her own conduct.

22.     Defendant asserts that Plaintiff has failed to mitigate her damages, if any.

23.     Defendant asserts that Plaintiff and all individuals Plaintiff seeks to represent were compensated in accordance with the requirements of the FLSA and the AMWA.

24.     Defendant asserts that Plaintiff cannot satisfy the prerequisites to class certification and, therefore, class certification under Rule 23 is improper.

25.     Defendant asserts that the Complaint fails to state a claim for punitive or liquidated damages upon which relief can be granted and, therefore, that any claim for punitive or liquidated damages should be dismissed with prejudice.

26.     As a separate alternative affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims and the claims of the class are or may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Arkansas Rules of Civil Procedure including, but not limited to, accord and satisfaction, arbitration and award, comparative fault, fraud, illegality, laches, payment, release, res judicata, set-off, and statute of frauds.  The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out herein, cannot be determined until Defendant has had an opportunity to complete discovery. Therefore, Defendant incorporates all said affirmative defenses as if fully set forth herein.

27.     Defendant reserves the right to assert additional affirmative defenses

12

or defenses of which he becomes knowledgeable during the course of discovery.

WHEREFORE, Separate Defendant, Michael Cooper, respectfully requests that Plaintiff's Class Action Complaint be dismissed with prejudice, that Defendant be awarded all fees and costs associated with this matter and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

GILL RAGON OWEN, P.A.
425 West Capitol Ave., Suite 3800
Little Rock, Arkansas 72201
T: (501) 376-3800
F: (501) 372-3359
dowens@gill-law.com
potts@gill-law.com

By: /s/   Danielle W. Owens
          Danielle W. Owens, ABN 2009192
          Dylan H. Potts, ABN 2001258

**ATTORNEYS FOR DEFENDANT,
MICHAEL COOPER**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was filed with the Clerk of the Court using the AOC eFlex Electronic Case Filing (ECF) System on this 20th day of June, 2023, which will send notification of such filing to all counsel of record.

/s/ Danielle W. Owens
Danielle W. Owens

13