Generated: Jul 3, 2023 9:56AM

Page 1/1

# U.S. District Court

## Arkansas Eastern - Jonesboro

Receipt Date: Jul 3, 2023 9:56AM

Fisher & Phillips
1715 Aaron Brenner Drive
Suite 312
Memphis, TN 38120

Rcpt. No: 174    Trans. Date: Jul 3, 2023 9:56AM    Cashier ID: #JK

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| 200 | Civil Filing Fee- Non-Prisoner | DARE323CV00152 /001 | 1 | 402.00 | 402.00 |

| CD | Tender | | | | Amt |
|---|---|---|---|---|---|
| CH | Check | #010026 | 07/3/2023 | | $402.00 |

Total Due Prior to Payment: $402.00
Total Tendered: $402.00
Total Cash Received: $0.00
Cash Change Amount: $0.00

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

---

ORIGINAL CHECK HAS A COLORED BACKGROUND, VOID PANTO & A HEAT SENSITIVE ICON - SEE BACK FOR DETAILS

Fisher Phillips
ON THE FRONT LINES OF WORKPLACE LAW

Fisher & Phillips
Attorneys at Law
1715 Aaron Brenner Drive
Suite 312
Memphis, TN 38120

Wells Fargo Bank

NO. 010026

DATE 06-30-2023    AMOUNT

PAY TO THE ORDER OF: FOUR HUNDRED TWO AND 00/100 DOLLARS    $*******402.00

Eastern District of Arkansas - Clerk of Court

Authorized Signature

⑈000 10026⑈ ⑆061000227⑆ 932164558 3⑈

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DIVISION

**FILED**
MAY 15 2023
11:00 am
LESLIE MASON
CIRCUIT CLERK

SHARON JACKSON, on behalf of herself
and all other similarly situated                                                  PLAINTIFF

vs.                              CASE NO. 47BCV-23-150 (Sm)

ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC;
ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC;
ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A
OUTSOURCING, LLC; and, MICHAEL COOPER                        DEFENDANTS

## CLASS ACTION COMPLAINT

COMES THE PLAINTIFF, **SHARON JACKSON**, by and through Counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for her Complaint, she states:

### PARTIES AND JURISDICTIONS

1.   Plaintiff is a resident and citizen of Blytheville, Arkansas, who worked for the Defendants in Jonesboro, Arkansas. Defendants, Arkansas Continued Care Hospital of Jonesboro, LLC, and its Professional Employer Organization; Arkansas Continued Care Hospital of Hot Springs, LLC, and its Professional Employer Organization; Arkansas Continued Care, LLC, and its Professional Employer Organization; and, G&A Outsourcing, LLC, (G&A Partners) employed the Plaintiff. The corporate Defendants are entities authorized to do business in the State of Arkansas. This is an action for breach of contract and for violation of the FLSA and Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, *et seq*. Since he had the power to fire, hire, and set the conditions of Plaintiff's employment, Defendant, Michael Cooper, is sued in his individual capacity, as allowed under the AMWA. Accordingly, since the acts giving rise to this action arose in this county, venue is proper. This Court has personal jurisdiction, as well as

subject matter jurisdiction. This case is related to 47BCV-22-265 and is filed because the Defendant has raised service issues.

## GENERAL ALLEGATIONS OF FACTS

2. Plaintiff was employed by Cooper, Arkansas Continued Care Hospital Arkansas Continued Care Hospital of Jonesboro, LLC, and its Professional Employer Organization, G&A Partners in 2022 as a non-exempt worker, through Defendant, G&A Outsourcing, LLC (G&A Partners). Plaintiff worked more than forty (40) hours per week but was not paid overtime. Defendants all played a part in Plaintiff's employment in one fashion or another, to the best of her information, knowledge and belief.

3. Also, Defendants worked Plaintiff off the clock resulting in Plaintiff no receiving overtime and receiving less than the minimum wage required by the AMWA. Plaintiff regularly worked through her lunch breaks, yet Plaintiff was not paid, so she complained. Plaintiff also complained about resident abuse.

4. When Defendants refused to comply with the law, Plaintiff hired a lawyer.

5. Less than a week after her lawyer contacted the Defendants in 2022, Defendants terminated the Plaintiff for an illegal reason.

6. Failure to pay Plaintiff for work in the employer's interest also constitutes a breach of contract. Plaintiff agreed to work for the Defendant in return for an hourly wage, but the corporate Defendant failed to pay Plaintiff in accordance with their agreement.

7. At all relevant times, Defendant continuously employed at least forty (40) employees.

## COUNT I – RETALIATION

8. Plaintiff, individually, re-alleges the foregoing paragraphs, as though fully stated herein.

9. By virtue of the facts alleged herein, the Defendants have retaliated against Plaintiff because she complained about violations of the AMWA and the FLSA in violation of the well-established public policy of the State of Arkansas and the FLSA.

10. Mr. Cooper terminated the Plaintiff, immediately after he was contacted by counsel.

11. Plaintiff hired a lawyer to pursue FLSA and AMWA violations. Mr. Cooper told Plaintiff's supervisors Plaintiff was fired because she hired a lawyer.

12. As a direct result of Defendants' conduct, Plaintiff has lost wages, lost fringe benefits, and incurred medical bills, entitling her to compensatory damages.

13. The Defendants have acted in intentional, malicious, and willful violation of the law and should therefore be liable for punitive or liquidated damages.

## COUNT II

14. Plaintiff, on behalf of herself and all others re-alleges the foregoing as if fully set out herein.

15. Plaintiff worked through her lunch time on average at least two days per week, but she was not paid for this time.

16. Plaintiff was working in a non-exempt position, yet was not paid overtime for hours she worked in excess of 40 hours per week.

17. At all times relevant herein, each Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4) and the FLSA.

18. Plaintiff, with the knowledge and direction of Defendant, consistently performed duties during her lunch hour and other scheduled breaks but Plaintiff was not paid.

19. She was regularly required as part of her job duties to work in excess of forty hours a week, with no additional compensation whatsoever in breach of contract.

20. Plaintiff was the victim of a willful, wanton, and calculated decision, policy or plan.

## COUNT III

21. Plaintiff re-alleges the foregoing as if fully set out herein.

22. Plaintiff, individually and on behalf of all others similarly situated, seeks conditional certification of her AMWA and the FLSA claims as a class action pursuant to the Arkansas Minimum Wage Act, Arkansas Code Annotated §§ 11-4-201, *et seq.*, and a collective action under the FLSA to recover compensation due them. Plaintiff requests the court to authorize notice to all potential collective action class members. Plaintiff was working in a non-exempt position, yet who was not paid for hours she worked in excess of 40 hours per week.

23. An employee like Plaintiff may bring an FLSA action on behalf of herself and any other 'similarly situated' employees under A.C.A. § 11-4-218 and the FLSA. Specifically, the AMWA provides:

24. The FLSA and Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

25. During the period relevant to this lawsuit, Defendants treated Plaintiff, and all similarly situated members of the AMWA class as non-exempt from the overtime requirements of the AMWA. Plaintiff and the Class worked through their meal breaks without compensation.

26. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

27. Here, Plaintiff and other employees in Arkansas like her, with the knowledge and direction of their employer, consistently performed duties during their scheduled lunch break, as well as awarded bonuses that do not represent Plaintiff's regular rate of pay. They are regularly required as part of their job duties to work in excess of forty hours a week, with no additional compensation whatsoever. Plaintiff and the proposed Class are victims of a single, willful, wanton, and calculated decision, policy or plan.

28. Plaintiff seeks to represent all past or present employees of Defendants in Arkansas, working in positions classified as non-exempt who worked in the interest of Defendants for more than 40 hours in a work week, yet who have not been paid overtime within the three years preceding filing of the Original Complaint.

29. Defendants violated the FLSA by failing to pay its hourly employees in full for hours worked in the interest of the employer. Specifically, Plaintiff states that Defendants use an "unlawful compensation system," knowingly and willfully. This is a common issue of fact that predominates over individual questions.

30. Plaintiff's claims are typical of the Class, since she alleges she and the Class worked more than 40 hours per week. But Defendants continue to refuse to pay these employees consistent

with Arkansas law and the FLSA, making certification under Rule 23(b)(1), (2) and (3) appropriate, as well as certified as a collective action under the FLSA.

31. Given the common duties, requirements, and method of compensation by the Defendants, or on its behalf, there are common issues of fact regarding why Defendants refused to compensate Plaintiff and the Class in accordance with Arkansas and federal law.

32. The above common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action or collective action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of both AMWA and FLSA Classes.

41. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempt employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

42. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already in progress by any members of the proposed class concerning the allegations in this Complaint.

43. Concentrating the litigation in this forum is highly desirable because Defendant has a significant presence in this County and because Plaintiff and all proposed Rule 23 class members work or worked with in Arkansas.

44. No difficulties are likely to be encountered in the management of this class action.

45. Plaintiff and her counsel are familiar with the issues raised herein and are adequate Class representatives. Plaintiff and her counsel will fairly and adequately protect the interests of the classes.

46. Plaintiff's counsel is competent to litigate FLSA collective class actions and Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel

47. Prosecution of separate actions by individual members of the proposed classes would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

48. The Class is so numerous such that joinder is impracticable, and a Class action is a superior means of resolution.

## JURY DEMAND

49. Plaintiff prays for a trial by jury.

**WHEREFORE**, Plaintiff, **SHARON JACKSON**, prays for compensatory damages, back pay and front pay or reinstatement under all claims, for liquidated damages under the FLSA and the AMWA, for an injunction requiring Defendants to remove all adverse information from Plaintiff's personnel file; training, a 800 hotline, record keeping requirements for claims of FLSA retaliation or AMWA violation, for an injunction requiring Defendants to reinstate Plaintiff; a

requirement that a hotline be instituted for overtime violations, training of management and employees on overtime issues, an independent monitor, a review of all job descriptions and employees descriptions of their jobs to determine which are appropriately considered non-exempt carried out by an independent reviewer, for wage loss for all members of the class, for liquidated damages for all members of the class, for Defendants to be required to conduct a thorough search and advertisements for all members of the class so that they may be reimbursed for their losses, for a trial by jury; for reasonable attorneys' fees; for costs; and for all other just and proper relief.

                                    Respectfully submitted,

                                    **SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce Street, Ste. 105
Little Rock, AR 72207
501/315-1910  Office
501/315-1916  Facsimile
Counsel for the Plaintiff

By:    */s/ Luther Oneal Sutter*
        Luther Oneal Sutter, ARBN 95031
        luthersutter.law@gmail.com

By:    */s/ Lucien R. Gillham*
        Lucien R. Gillham, ARBN 99199
        lucien.gillham@gmail.com