IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SHARON JACKSON, on behalf of herself )
and all other similarly situated,     )
                                      )
                Plaintiff,             )
                                      )
      vs.                              ) Case No: 3:23-cv-00152 DPM
                                      )
ARKANSAS CONTINUED CARE                )
HOSPITAL OF JONESBORO, LLC;            )
ARKANSAS CONTINUED CARE                )
HOSPITAL OF HOT SPRINGS, LLC;          )
ARKANSAS CONTINUED CARE, LLC;          )
G&A PARTNERS; G&A OUTSOURCING,         )
LLC; and MICHAEL COOPER,               )
                                      )
                Defendants.            )

**BRIEF IN SUPPORT OF
PLAINTIFF'S RESPONSE TO MOTION TO COMPEL DEFENDANTS' JOINT
MOTION TO COMPEL ARBITRATION**

Comes the Plaintiff, **SHARON JACKSON,** through counsel, **SUTTER & GILLHAM, P.L.L.C.;** and, for her for Brief, states:

Defendants have waived their right to pursue arbitration. Plaintiff originally filed a Complaint in the Circuit Court of Craighead County, Arkansas last year. Because of a perceived failure of service in the previous action, this action was filed in state court, then removed. In the previous action, Depositions were taken and Defendants undertook discovery. Accordingly, Defendants have waived their right to compel arbitration. Arbitration is a waivable contractual right. *See Sitzer v. Nat'l Ass'n of Realtors*, No. 20-1779, 12 F.4th 853, 2021 U.S. App. LEXIS 27244, 2021 WL 4125787, at *1 (8th Cir. Sept. 10, 2021). It can be waived in a variety of circumstances, including by "substantially invok[ing] the litigation machinery"

rather than promptly seeking arbitration. *Lewallen v. Green Tree Servicing,* L.L.C., 487 F.3d 1085, 1090 (8th Cir. 2007). Specifically, when a party "(1) kn[ows] of an existing right to arbitration; (2) act[s] inconsistently with that right; and (3) prejudice[s] the other party [with its] inconsistent acts," waiver occurs. *Ritzel Commc'ns, Inc. v. Mid-Am. Cellular Tel. Co.*, 989 F.2d 966, 969 (8th Cir. 1993). In the 8th Circuit, when the relevant conduct happens in court, waiver is for the judge, rather than an arbitrator, to decide. *See Sitzer*, 2021 U.S. App. LEXIS 27244, 2021 WL 4125787, at *2-3 (discussing the various types of waiver and who gets to decide them); *N&D Fashions, Inc. v. DHJ Indus., Inc.*, 548 F.2d 722, 728 (8th Cir. 1976) (same).

In *McCoy v. Walmart, Inc.*, 13 F.4th 702, 703-704, there was no dispute that Walmart, like the Defendant here, knew about the possibility of arbitration and only raised it after 15 months. The Circuit defined its task as to decide whether, during this time, Walmart "acted inconsistently with its right to arbitrate" and "prejudiced" McCoy along the way. *Ritzel*, 989 F.2d at 969. Ultimately, the 8th Circuit affirmed the District Court's ruling that arbitration had been waived. Plaintiff requests that the Court decline to enforce the entire agreement on waiver grounds.

Gray Holdco, Inc. v. Cassady, 654 F.3d 444, 451

**WHEREFORE**, Plaintiff, **SHARON JACKSON,** prays for an Order denying the Motion to Compel Arbitration and for all other proper relief.

Respectfully submitted,

Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
**SUTTER & GILLHAM, P.L.L.C.**
Attorneys for Plaintiff
1501 N. Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910  Office
501/315-1916  Facsimile
Luther.sutterlaw@gmail.com
Lucien.gillham@gmail.com