## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**SHARON JACKSON, on behalf of**
**herself and all others similarly situated**                                  **PLAINTIFF**

**v.**                                  **No. 3:23-cv-152-DPM**

**ARKANSAS CONTINUED CARE**
**HOSPITAL OF JONESBORO, LLC;**
**ARKANSAS CONTINUED CARE**
**HOSPITAL OF HOT SPRINGS, LLC;**
**ARKANSAS CONTINUED CARE, LLC;**
**G&A PARTNERS;  G&A**
**OUTSOURCING, LLC;  and**
**MICHAEL COOPER**                                  **DEFENDANTS**

### ORDER

Sharon Jackson's former employers want this case sent to arbitration.  But did they waive their right to move to compel?  One did; the rest did not.  Their motion will be granted in part and this case will be stayed.

Arkansas Continued Care, LLC operates hospitals in Arkansas. It outsources some administrative jobs to G&A Partners.  Jackson was an employee of both.  She says that she wasn't paid minimum wage or overtime and was fired after complaining about it.  In August 2022, she filed a lawsuit naming "Arkansas Continued Care" as the sole defendant.  Arkansas Continued Care Hospital of Jonesboro, LLC, filed

an answer in December 2022.  Months later, Jackson served deposition notices for three witnesses, including Michael Cooper, and subpoenaed two more witnesses for depositions.  At least three of those depositions took place.  After receiving the deposition notices, Arkansas Continued Care of Jonesboro served fifty-two interrogatories and thirty-eight requests for production of documents on Jackson.  Jackson served her responses in May.  She also filed an amended complaint adding Cooper as a defendant.  Cooper and Arkansas Continued Care of Jonesboro filed a combined answer on 10 May 2023.

On 15 May 2023, Jackson filed a new lawsuit in state court on behalf of herself and others.  Her new suit named Cooper and multiple Arkansas Continued Care limited liability companies, as well as G&A Partners and G&A Outsourcing, LLC.  The G&A defendants removed the case to this Court.  A week later, the G&A defendants and the Arkansas Continued Care defendants filed a joint motion to compel arbitration.

There are a few threshold matters.  *Ballou v. Asset Marketing Services, LLC*, 46 F.4th 844, 851 (8th Cir. 2022).

- Is there a valid arbitration agreement?  There is. *Doc. 15-2*.  The agreement is between Jackson, Arkansas Continued Care, and G&A Partners and its affiliates. Cooper and some of the Arkansas Continued Care limited liability companies aren't signatories.  But they can still invoke arbitration.  *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 798 (8th Cir. 2005).

–2–

- Does the agreement encompass the claims in this case? *H&T Fair Hills, Ltd. v. Alliance Pipeline L.P.*, 76 F.4th 1093, 1099 (8th Cir. 2023). It does. All disputes are covered, including statutory retaliation claims (Count I) and wage and overtime claims under the FLSA and state law (Counts II & III). *Doc. 15-2 at 2.*

- Is the arbitration agreement valid? *H&T Fair Hills, Ltd.*, 76 F.4th at 1099. It is. Jackson has the burden of showing that the agreement is invalid, and she makes no argument on this point. *Ibid.; compare Triplet v. Menard, Inc.*, 42 F.4th 868, 870-72 (8th Cir. 2022).

The deep issue is waiver. Did each defendant knowingly relinquish the right to arbitrate by acting inconsistently with that right? *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022).* Notwithstanding the agreement's committing this issue to the arbitrator, *Doc. 15-2 at 2*, precedent holds that waiver is for this Court to decide. *Sitzer v. National Association of Realtors*, 12 F.4th 853, 855-56 (8th Cir. 2021).

Arkansas Continued Care of Jonesboro did not file its motion to compel until more than seven months after filing its answer in the first state court lawsuit. It actively participated in discovery. This conduct

---

* In light of the Supreme Court's recent decision in *Morgan*, prejudice doesn't factor into the waiver analysis. *Morgan,* 596 U.S. at 419; *H&T Fair Hills, Ltd.*, 76 F.4th at 1099-1100.

is inconsistent with the right to arbitrate.  *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1092 (8th Cir. 2007).

Cooper is a closer call.  He wasn't named as a defendant in the original complaint in the first case.  He was added later, after Arkansas Continued Care of Jonesboro served written discovery and the depositions took place.  His motion to compel arbitration was filed just two months after he filed his answer in the first case.  Cooper's conduct isn't enough to constitute waiver.  *Compare McCoy v. Walmart, Inc.*, 13 F.4th 702, 704 (8th Cir. 2021).

Jackson argues that, because Arkansas Continued Care of Jonesboro waived its right to compel arbitration, the other defendants did, too.  But the waiver analysis focuses on the actions of the person who held the right.  *H&T Fair Hills, Ltd.*, 76 F.4th at 1100.  Jackson does not cite, and the Court is unaware of, binding authority analyzing when the actions of a codefendant may be imputed to others in determining waiver.  Other courts have found that they can "when principles of agency or corporate law, such as the alter ego doctrine, would counsel such imputation."  *Al Rushaid v. National Oilwell Varco, Inc.*, 757 F.3d 416, 422 (5th Cir. 2014).  That reasoning makes good sense, and this Court adopts it.

Arkansas Continued Care of Jonesboro's actions cannot be imputed to G&A Partners or G&A Outsourcing.  These companies do business with Arkansas Continued Care of Jonesboro, but that isn't

-4-

enough. *Al Rushaid*, 757 F.3d at 423-24.   Cooper and the other Arkansas Continued Care limited liability companies have a much closer relationship of course.    And all of the Arkansas Continued Care defendants, including Cooper, are represented by the same lawyers. But these facts alone are not enough to find waiver.   *Al Rushaid*, 757 F.3d at 423.   Jackson has the burden of showing waiver and any doubts concerning waiver are resolved in favor of arbitration. *Stifel, Nicolaus & Co. Inc. v. Freeman*, 924 F.2d 157, 158 (8th Cir. 1991). The Court finds that she hasn't met her burden as to the other Arkansas Continued Care defendants.

*     *     *

The motion to compel arbitration, *Doc. 15*, is mostly granted.   It is denied only to Arkansas Continued Care of Jonesboro, LLC.   Jackson's claims against the other defendants are referred to arbitration.   Whether the dispute can proceed as a class or collective is for the arbitrator to decide.     The case is stayed and administratively terminated. 9 U.S.C. § 3;  *Reid v. Doe Run Resources Corp.*, 701 F.3d 840, 846 (8th Cir. 2012); *Contracting Northwest, Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983).   The parties must file a joint report on the status of the arbitration on 1 May 2024, and every three months thereafter until resolution.   Any party may move to reopen, if need be, when arbitration is concluded.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

18 January 2024