IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| SHARON JACKSON, on behalf of herself and all other similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No: 3:23-cv-00152 DPM ) |
| ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC; ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC; ARKANSAS CONTINUED CARE, LLC; G&A PARTNERS; G&A OUTSOURCING, LLC; and MICHAEL COOPER, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT OF WAGE AND HOUR CLAIMS

Plaintiff and Defendants, by and through their undersigned counsel, hereby jointly submit the following Joint Motion for Approval of Settlement of Wage and Hour Claims:

1. Plaintiff initiated this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201.

2. Defendants dispute that Plaintiff was not compensated for all hours worked, including overtime, thereby creating a bona fide dispute as to wages owed.

3. The parties engaged in discovery regarding Plaintiff's claims and the time records, compensation, and issues related to the underlying merits of their claims against Defendants as well as Defendants' defenses thereto.

4. Following negotiations between counsel, the parties have entered into a Settlement Agreement ("Settlement Agreement") for Plaintiff resolving all claims in the litigation, including Plaintiff' claims for back wages owed, plus liquidated damages, in full and requesting dismissal of the claims with prejudice. A copy of the Settlement Agreement is attached hereto as Exhibit 1.

5. The parties previously submitted the Settlement Agreement to the Arbitrator for review and approval and the Arbitrator entered an order approving the Settlement Agreement. A copy of the Arbitrator's Order is attached hereto as Exhibit 2.

6. To further ensure the Settlement Agreement releasing claims under the FLSA and AMWA is valid and enforceable, the parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id*. (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

7. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the production by Defendants of Plaintiff' job duties, pay records, and other documents by experienced counsel representing both parties. The parties then engaged in settlement negotiations at arm's length with the assistance of a mediator. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.

8. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims and Defendants' defenses, including the proper method for calculating any alleged damages. Plaintiff has specifically considered the potential value of her own claims and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendants support this result because it eliminates the uncertainties, risks, and cost of further litigation.

9. The attorneys' fees and costs to be paid to Plaintiff's counsel were negotiated entirely separate from the amount to be paid to Plaintiff. Accordingly, Plaintiff' attorneys' fees and costs will in no way detract from or lessen the amount to be paid pursuant to the Agreement.

WHEREFORE, Plaintiff and Defendants request that the Court enter an order approving the Settlement Agreement, and for other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dylan H. Potts
Ark. Bar. No. 2001258
GILL RAGON OWEN, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
Telephone: (501) 376-3800

*/s/ Dylan Potts by jgg with permission*
Dylan Potts

**ATTORNEY FOR ARKANSAS CONTINUED CARE HOSPITAL OF JONESBORO, LLC; ARKANSAS CONTINUED CARE HOSPITAL OF HOT SPRINGS, LLC; ARKANSAS CONTINUED CARE, LLC; and MICHAEL COOPER**

J. Gregory Grisham
Fisher & Phillips, LLP
1715 Aaron Brenner Dr., Ste. 312
Memphis, TN 38120

*/s/ J. Gregory Grisham*
J. Gregory Grisham

**ATTORNEY FOR G&A PARTNERS and G&A OUTSOURCING, LLC**

Luther O. Sutter
Lucien Gillham
Sutter & Gillham, PLLC
1501 N. Pierce St., Ste. 105
Little Rock, AR 72207

*Luther O. Sutter by jgg with permission*
Luther O. Sutter

**ATTORNEY FOR Sharon Jackson**

4

FP 54223438.1

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing document was filed using the CM/ECF system which also served a copy of same upon the following:

Luther Oneal Sutter (ARBN 95031)
Lucien R. Gillham (ARBN 99199)
Sutter & Gillham, PLLC
1501 N. Pierce Street, Suite 105
Little Rock, AR 72207
Luthersutter.law@gmail.com
Lucien.gillham@gmail.com

Danielle Whitehouse Owens (ARBN 2009192)
Dylan H. Potts (ARBN 2001258)
Gill Ragon Owen, P.A.
425 West Capitol Ave., Ste. 3800
Little Rock, AR 72201
dowens@gill-law.com
potts@gill-law.com


　　　　　　　　　　　　　　　　　　　*/s/ J. Gregory Grisham*
　　　　　　　　　　　　　　　　　　　J. Gregory Grisham